1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Kenia Jackeline MERLOS,

                         Plaintiff,

        v.

KRISTI NOEM, Secretary of U.S. Department of Homeland Security, in her official Capacity, U.S. Department of Homeland Security; RODNEY SCOTT; Commissioner of U.S. Customs and Border Patrol; U.S. Customs and Border Patrol; Erik JOHNSON, ICE/ERO Seattle Field Office Director; IMMIGRATION AND CUSTOMS ENFORCEMENT/ENFORCEMENT AND REMOVAL OPERATIONS,

                        Defendants.

NO.

**MOTION FOR TEMPORARY RESTRAINING ORDER**

## I.    INTRODUCTION AND RELIEF REQUESTED

      Kenia Jackeline MERLOS asks only for U.S. Customs and Border Protection to respect her constitutional right to consult with an attorney under the First and Fifth Amendments. This simple request has been repeatedly denied and, as a result, Kenia Jackeline MERLOS has been

MOTION FOR TEMPORARY RESTRAINING ORDER- 1

unable to consult with her attorney. **Her removal is apparently imminent given the posture of her case and without access to her attorney, she has no way to access any relief that might be available to her. Counsel has reason to believe removal is being executed this evening, July 13, 2025.** For this reason, we request that this Court order Defendants not to remove Kenia Jackeline MERLOS from the Western District of Washington pending an opportunity to consult with counsel.

## II.    FACTS

On June 28, 2025, Plaintiff was detained at the Canadian Border with her four U.S. Citizen children. Since that time she has been detained in CBP Custody.

Attorneys of Gonzales, Gonzales & Gonales were hired to represent Kenia Jackeline MERLOS, along with her husband, children and parents on July 5, 2025. Kenia Jackeline MERLOS has only been deprived of her right to counsel because of CBP custody. Her mother and husband have been able to access counsel.

An attorney employed by Gonazles, Gonzales & Gonzales, Jill Nedved, made several calls on July 7, 2025 to Customs and Border offices at the Blaine Station, Blaine Port of Entry and the CBP Sector for Public Affairs.  An officer at the Blain Station supervisor line took down her contact information and client information and was told someone would get back to her. She did not receive a call back. On July 8, 2025, Ms. Nedved made calls again to CBP locations and was informed no information could be provided via telephone and was told to contact CBP via email at blwintelintake@cbp.dhs.gov.  Ms. Nedved provided a G-28 Notice of Attorney representation to that email on July 8, 2025 and again on July 9, 2025.

MOTION FOR TEMPORARY RESTRAINING ORDER- 2

Gonzales Gonzales & Gonzales received contact from U.S Congresswoman Maxine Dexter's office on Wednesday July 9, 2025, whose office offered assistance in locating Kenia Jackeline MERLOS at the request for assistance by Ms. MERLOS' family. On July 10, 2025, Ms. Nedved was informed through Congresswoman Dexter's office Ms. MELOS was located at the Seattle Field Office for ICE/ERO in Tukwila, Washington. Ms. Nedved went to the location and was informed Kenia Jackeline MERLOS was not there. Ms. Nedved spoke to CBP agents on July 10, 2025, at the King County Regional Airport who informed her to contact the previously provided email.

Our office was then informed Kenia Jackeline MERLOS was in CBP custody in Bellingham. Our office was later informed Kenia Jackeline MERLOS and her children were at the Ferndale, Washington CBP location. Ms. Nedved drove to the CBP location at 1431 Sunset Ave, Ferndale, WA 98248, on Friday, July 11, 2025, to speak to Ms. MERLOS. Kenia Jackeline MERLOS was purportedly not at that location and was in route to Seattle, Washington. Ms. Nedved was denied access to speak to Ms. MERLOS should she return and was informed by CBP officials that Ms. MERLOS had requested a voluntary return and had no right to counsel. Ms. Nedved was provided no documentation by CBP and was denied access to the purported Voluntary Return document.

Kenia Jackeline MERLOS has a pending U- Visa and was granted Deferred Action based on her pending U- Visa application. Her deferred status. Ms. MERLOS was granted work authorization by DHS through USCIS on January 15, 2025 until January 14, 2029. Kenia Jackeline MERLOS has purportedly accepted a voluntary return but was not provided with her right to see an immigration judge. Ms. MERLOS has rights to additional applications for relief in front of an

MOTION FOR TEMPORARY RESTRAINING ORDER- 3

immigration judge given her length of residence in the United States and qualifying relatives of her U.S. Citizen Children, including the right to file for Cancellation of Removal. The Client has been given no opportunity to understand her rights or make guidance regarding any decision.

On July 8, 2025, Kenia Jackeline MERLOS contacted long-time family friend, Mimi Lettunich, via text message saying "Mimi I need an attorney" and "They wan[t] [sic] to send us to Honduras."  On July 10, 2025, Kenia Jackeline MERLOS contacted her pastor, Josue Guerra, around 6:45am and informed him she would not sign any paperwork and had not signed any paperwork that she had been given.

Undersigned counsel has specific concerns as to whether the purported voluntary return was signed and whether is was in fact voluntary.  Kenia Jackeline MERLOS should have right to be granted access to counsel given these circumstances. Kenia Jackeline MERLOS' pending U-Visa and attached waiver may be affected by her decision, yet she may have been confused.  CBP informed Ms. Nedved it was their understanding her application would not be affected.  It is unclear if this was told to Kenia Jackeline MERLOS directly.   Any waiver under these circumstances would be affected by the interaction with CBP, and would need to be amended.

Kenia Jackeline MERLOS was only deprived of her right to counsel because of CBP custody. Both Kenia Jackeline MERLOS' mother and husband have been granted access to counsel.  Kenia Jackeline MERLOS' husband and mother have had no contact with her since she was detained by CBP.

### III.    ARGUMENT

MOTION FOR TEMPORARY RESTRAINING ORDER- 4

Kenia Jackeline MERLOS requests a Temporary Restraining Order enjoining Defendants from removing her from the Western District of Washington until she has had the opportunity to consult with an attorney.

**A.      Standard for Issuance of Temporary Restraining Order**

The standard for issuing a temporary restraining order is identical to the standard for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). To prevail on a motion for a preliminary injunction, the Plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities tip in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 55 U.S. 7, 20 (2008).

The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Within this "sliding scale" approach lays the "serious question" test: "a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Id.* at 1131 (citation omitted). To succeed under the "serious question" test, the plaintiff must show that he is likely to suffer irreparable harm and an injunction is in the public's interest. *Id.* at 1132.

**B.      Kenia Jackeline MERLOS is Likely to Succeed on the Merits**

Kenia Jackeline MERLOS is likely to succeed on the merits of her First and Fifth Amendment claims.

MOTION FOR TEMPORARY RESTRAINING ORDER- 5

1. **The Government's Denial of Access to Counsel Violates the Detained [CLIENT]'s First Amendment Rights.**

The wholesale restriction of attorney–client communication violates the First Amendment rights of the immigrant detainees. The First Amendment guarantees all persons—even prisoners—freedom of speech. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). Detainees have a First Amendment right to "communicate with persons outside prison walls." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002). This includes immigration detainees. *Torres v. U.S. Dep't of Homeland Sec.*, 411 F. Supp. 3d 1036, 1067 (C.D. Cal. 2019).

When a detainee has a right to counsel, the government cannot impose conditions of confinement that unnecessarily burden that right. *Id.* (holding that allegations of "overly-restrictive" policies hindering immigrant detainees' ability to "hire and consult with an attorney" sufficiently stated a First Amendment claim to "communicate with the outside world"). Such a restriction is subject to intermediate scrutiny and must be "justified without reference to [content], ... [and] narrowly tailored to serve a significant governmental interest....". *Id.*

Here, there is simply no justification for the government to restrict access to an attorney for Kenia Jackeline MERLOS, much less a compelling one. CBP must have a process for allowing access to counsel because access to counsel for some immigration detainees is clearly required. There is nothing about Kenia Jackeline MERLOS's status that significantly increases the administrative burden on CBP.

2. **The Government's Ban on Access to Counsel Violates the Fifth Amendment Substantive Due Process Right Against Punishment for Civil Immigrant Detainees.**

The government's total denial of attorney access also violates the detainees' Fifth Amendment due process right to be free from punishment in civil detention. Those held in

MOTION FOR TEMPORARY RESTRAINING ORDER- 6

immigration detention therefore have a due process right not to be subjected to any "condition, practice, or policy [that] constitutes punishment." *Block v. Rutherford*, 468 U.S. 576, 583 (1984). Immigrants in civil detention have at least the same rights against punitive conditions of confinement as those detained pending a criminal trial, and that includes the right not to have their access to counsel eliminated. *Youngberg v. Romero*, 457 U.S. 307, 315-16 (1982); *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004). Such conditions must clearly include the right to access counsel. CBP's refusal constitutes a denial of this right.

### 3. The Government's Denial of Access to Counsel Violates the Immigrant Detainees' Statutory and Regulatory Rights to Counsel.

The Immigration and Nationality Act ("INA") and its implementing regulations enshrines the right to counsel of choice. See 8 U.S.C. §§ 1229a(b)(4)(A), 1362; 8 C.F.R. §§ 1003.16(b), 1240.3. This statutory right is not confined to a noncitizen's formal "removal proceedings;" instead, "[t]he INA gives non-citizens the right to be represented by an attorney in most [aspects of] immigration proceedings as long as the government does not have to bear the expense." *Zuniga v. Barr*, 946 F.3d 464, 469 (9th Cir. 2019) (holding that individuals have a statutory right to counsel in reasonable fear proceedings).

The right to counsel clearly protects more than the retainer on paper; the "right [to counsel] must be respected in substance as well as in name." *Baires v. INS*, 856 F.2d 89, 91 n.2 (9th Cir. 1988). To mean anything, the right to counsel must protect certain rights and procedures to fully access and effectuate that right, including advice about options to address legal challenges, including potential deportation.

MOTION FOR TEMPORARY RESTRAINING ORDER- 7

Here, there is not just an impediment but a total ban. For the same reasons discussed above, there is no justification for the government to completely deny the immigration detainees their statutory and regulatory right to counsel.

**C.    Kenia Jackeline MERLOS's Deportation with Consultation with Counsel will Cause Irreparable Harm**

Kenia Jackeline MERLOS will suffer irreparable harm if a temporary restraining order is not granted. Since her detention, Kenia Jackeline MERLOS has been unable to consult an attorney because she could be deported having never had the opportunity to consult with the attorney hired to help her with her immigration status regarding her options for pursuing legal status in the United States. This is an irreparable harm that requires immediate redress.

**D.    The Balance of the Hardships and the Public Interest Both Support Issuance of a Temporary Restraining Order.**

When considering whether a temporary restraining order should issue, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 55 U.S. at 24. Here, there is simply no question that the possibility of deportation without first having access to an attorney far outweighs any administrative burden to the government in allowing Kenia Jackeline MERLOS access to her attorney.

//

//

//

//

MOTION FOR TEMPORARY RESTRAINING ORDER- 8

1   //

2   //

3   //

4   //

5   //

6                           **IV.    CONCLUSION**

7           For the above reasons, Kenia Jackeline MERLOS should be granted a Temporary

8   Restraining Order enjoining Defendants from removing her from the Western District of

9   Washington without first giving her the opportunity to consult with counsel.

10

11          RESPECTFULLY SUBMITTED this 13th of July, 2025.

12

13                                  Respectfully submitted,

14                                  Jeffrey C. Gonzales

15                                  Gonzales Gonzales & Gonzales

16                                  1000 SW Broadway, Ste 2300

17                                  Portland, OR 97205

                                    Phone: 503-274-1680; Fax: 503-274-1214

18                                  **ATTORNEYS FOR PETITIONER**

19                                  By: _____

20                                      Jeffrey C. Gonzales
                                        WA State Bar No. 13864

21

22

23  MOTION FOR TEMPORARY RESTRAINING ORDER- 9

24