# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| KENIA JACKELINE MERLOS,<br><br>              Petitioner,<br><br>   v.<br><br>KRISTI NOEM et al.,<br><br>             Respondents. | CASE NO. 2:25-cv-01309-TL-SKV<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Petitioner Kenia Jackeline Merlos's Motion for Temporary Restraining Order ("TRO"). Dkt. No. 2. Having reviewed the motion and complaint (Dkt. No. 1), Petitioner's motion is GRANTED.

Petitioner has been detained since June 28, 2025, when she was taken into custody at the United States–Canada border in Blaine, Washington. Dkt. No. 2 at 2. On July 5, 2025, Petitioner retained counsel. *Id.* Petitioner has been unable to communicate with Counsel, however, and Petitioner's counsel has been unable to obtain concrete or reliable information about Petitioner's whereabouts. On July 10, 2025, Petitioner's counsel was advised by United States Congresswoman Maxine Dexter that Petitioner was located at the Immigration and Customs

Enforcement ("ICE")/Enforcement and Removal Operations ("ERO") Seattle Field Office in Tukwila, Washington. Dkt. No. 1 ¶ 27. Counsel was then advised that Petitioner was in United States Customs and Border Protection ("CBP") custody in Bellingham, Washington. *Id.* ¶ 30. Counsel was then advised that Petitioner and Petitioner's children were located at a CBP facility in Ferndale, Washington. *Id.* ¶ 31. But on July 11, 2025, when Counsel visited the CBP facility in Ferndale to speak to Petitioner, Counsel was advised that Petitioner was not there and was instead en route to a facility in Seattle, Washington. *Id.* ¶ 32.

Petitioner has a pending U Visa. *Id.* ¶ 33. There is no indication that there is a final removal order for Petitioner, nor is there any indication that Petitioner has been convicted of any crime. *Id.* Although Petitioner has purportedly accepted a voluntary return to her country of origin, Petitioner has expressed doubt that the voluntary return "was signed and whether i[t] was in fact voluntary." *Id.* ¶¶ 34, 37.

Respondents have not responded to Petitioner's motion, and because it is unclear why Petitioner has been serially re-located and denied contact with Counsel, the Court GRANTS Petitioner's motion pending Respondents' response. The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) ("Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Respondents are ORDERED to respond, and the Parties are ORDERED to prepare for a hearing on this matter at **1:00 p.m. on Friday, July 18, 2025.**

It is hereby ORDERED:

(1) Petitioner's motion for a temporary restraining order (Dkt. No. 2) is GRANTED. Respondents are prohibited from removing Petitioner from this jurisdiction—i.e., the Western District of Washington—without further order from this Court.

(2) Respondents SHALL respond to Petitioner's motion **no later than 9:00 a.m. PDT on Thursday, July 17, 2025.**

(3) Petitioner SHALL file a reply **no later than 5:00 p.m. PDT on Thursday, July 17, 2025.**

(4) A hearing in this matter SHALL be set for **Friday, July 18, 2025, at 1:00 p.m. PDT.**

Dated this 14th day of July 2025.

Tana Lin
United States District Judge